UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-80968-RAR

**GELISA O'NEAL**,

    Plaintiff,

v.

**EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION, LLC**, and **ACCEPTANCE
NOW**,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant Trans Union, LLC's ("Trans Union") Motion to Dismiss [ECF No. 29] ("Motion"). Having heard argument on the matter [ECF No. 50], reviewed the Motion, Plaintiff's Response [ECF No. 35], Trans Union's Reply [ECF No. 39], and Trans Union's Notices of Supplemental Authority [ECF Nos. 47, 51, and 52], it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## BACKGROUND

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The dispute arises from the balance of Plaintiff's AcceptanceNow account ("Account"). *See* First Amended Complaint ("Compl.") [ECF No. 25] at ¶ 9-24. Based on information furnished by AcceptanceNow, Trans Union reported the Account as: closed on July 30, 2018; last updated July 30, 2018; with a balance of $0; no past due amount; remark of "CLOSED"; and with historical late payment history beginning in March 2018 until the time of closure in July 2018. *See* [ECF

No. 29-2] ("Report") at 5.[1]  Plaintiff alleges that by reporting her derogatory payment history, Trans Union violated the FCRA because the reporting of such information causes "a lower credit score to be generated[.]" Compl. at ¶ 15.  Specifically, Plaintiff claims that the Account presently reflects "a current pay status of '120 days past due[,]'" and "credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status." *Id*. at ¶¶ 14-15; *see also* Resp. at 2.

Based on these alleged facts, Plaintiff sets forth two causes of action: (1) Willful Violation of the FCRA as to Trans Union; and (2) Negligent Violation of the FCRA as to Trans Union. Compl. at ¶¶ 25-38.  In its Motion, Trans Union argues that "Trans Union's reporting is neither inaccurate nor misleading, and Trans Union is entitled to Plaintiff's First Amended Complaint being dismissed, with prejudice, as a matter of law." Mot. at 2.  In addition to the Motion, Trans Union submits a screenshot of how Plaintiff's account appeared as of November 10, 2020.  *See* Report at 5.  The screenshot shows that, as of November 10, 2020, the Account reflected: (1) a balance of $0; (2) that it was last updated on July 30, 2018; (3) closed on July 30, 2018; (4) was 120 days past due in June and July 2018, prior to its closure on July 30, 2018; and (5) is presently closed.  *Id*.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hunt v. Aimco Properties, L.P.*, 814

---

[1] In deciding a motion to dismiss, the Court may consider any documents "referred to in the plaintiff's complaint" and "central" to its claims.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  The reporting of Plaintiff's Account is central to her claims as it accurately depicts how the Account appeared at the time Plaintiff filed her Complaint—and it is an essential part of the FCRA analysis.  Accordingly, the screenshot that "the defense appends to its motion to dismiss is also properly considered[.]" *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).

F.3d 1213, 1221 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted); *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The FCRA provides for a private right of action "against consumer reporting agencies and furnishers of information for negligent or willful violations of [the] duties imposed by [the] legislation." *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) ("FCRA provides a private right of action against businesses that use consumer reports but fail to comply."). The statutory regime is simple: 15 U.S.C. § 1681e(b) requires that credit reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." When a credit reporting agency reports inaccurate information, and a consumer brings the inaccuracy to their attention, 15 U.S.C. § 1681i(a) requires that the agency "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

Both § 1681e(b) and § 1681i(a) implicitly require that an inaccuracy exist to plead and prove a violation. The "maximum possible accuracy" standard under § 1681e(b) requires that reports "be both factually correct and free from potential for misunderstanding." *Erickson v. First*

*Advantage Background Servs.*, 981 F.3d 1246, 1248 (11th Cir. 2020); *see also Lacey v. TransUnion, LLC*, No. 21-CV-519-02-JSS, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) (describing the requirements of § 1681e(b) as interpreted by the Eleventh Circuit).

In *Erickson*, the Eleventh Circuit instructed lower courts to "look to the objectively reasonable interpretations of the report" when evaluating whether the report has met the maximum possible accuracy standard. 981 F.3d at 1252. However, "the fact that some user somewhere could possibility squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading." *Id*. Further, while credit reporting agencies are required to make a reasonable effort to report accurate information, they have no duty "to report only that information which is favorable or beneficial to the consumer." *Cahlin v. Gen. Motors Acceptance Corp.*, 935 F.2d 1151, 1158 (11th Cir. 1991). Thus, "in determining whether a credit report is both true and unlikely to lead to misunderstanding, the report must be reviewed and considered in its entirety, instead of focusing on a single field of data." *Lacey*, 2021 WL 2917602 at *4 (citing *Erickson*, 981 F.3d at 1252) (user must look at the credit report objectively and not merely "squint" at one portion); *Meeks v. Equifax Info. Servs., LLC*, No. 18-CV-03666-TWT-WEJ, 2019 WL 1856411, at *6 (N.D. Ga. Mar. 4, 2019) (must view account "as a whole"); *Gibson v. Equifax Info. Servs., LLC*, No. 18-cv-00465-TES, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019) (quoting *Meeks* and holding same); *Seay v. TransUnion LLC*, No. 18-CV-204(HL), 2019 WL 4773827, at *5 (M.D. Ga. Sept. 30, 2019) (quoting *Meeks* and holding same); *Her v. Equifax Info. Servs., LLC*, No. 18-CV-5182-CC-RGV, 2019 WL 4295279, at *2 (N.D. Ga. Aug. 9, 2019) (must consider "entirety" of the credit report to determine if the information is inaccurate or misleading).

Here, Plaintiff alleges violations of § 1681e(b) and § 1681i(a). But when viewing the Account in its entirety, it is readily apparent that the Account is accurate and not misleading. The Account clearly states that it (1) has a balance of $0; (2) was last updated on July 30, 2018; (3)

was closed on July 30, 2018; (4) was 120 days past due in June and July 2018, prior to its closure on July 30, 2018; and (5) is closed. Plaintiff does not dispute that the status of the Account as of the date of filing the Complaint is correct. However, Plaintiff asserts that because the Account states it was 120 days past due in June and July 2018, prior to its closure on July 30, 2018, "this negative status . . . would cause a lower credit score to be generated than a closed status." Compl. at ¶ 15. Not only is this argument baseless, but it is also nonsensical. As Plaintiff herself admits, the "tradeline currently reflects a $0 balance." *Id*. at ¶ 12. Thus, viewing the credit report objectively, there is no possible way that a reasonable creditor would believe that Plaintiff was 120 days late on a $0 balance.

Further, there is no way to objectively interpret a balance that is *120 days past due in June and July 2018* as tantamount to a balance that is *currently past due*—especially when the Account is clearly marked as *closed*. In other words, reading the Account as "open and past due" would impermissibly require squinting at select portions of the credit report in isolation and focusing only on certain data points in a contrived effort to make the Account misleading. *See Erickson*, 981 F.3d at 1252. Accordingly, Plaintiff's Complaint simply does not allege the inaccuracies required under § 1681e(b) and § 1681i(a) in order "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In addition to the argument that the clearly accurate information is inaccurately reported, Plaintiff claims that "algorithms that calculate a consumer's credit score make no . . . distinction [between an account presently past due or currently past due], nor do they engage in the kind of reasonable weighing of different relevant factors to arrive at a conclusion about the nature (i.e., current or historical) of the challenged line item, 'Account Status.'" Resp. at 2. This allegation, taken as true, completely ignores Eleventh Circuit case law and the requirements of the FCRA. Plaintiffs allege that "it is not appropriate to state that . . . the report[,] read as a whole[,] contains

enough information as to not harm the consumer, since the harm to the consumer's credit score is happening automatically with this false information." Compl. at ¶ 17. But the Eleventh Circuit's decisions in *Cahlin* and *Erickson* instruct lower courts to consider "objectively reasonable interpretations of the report." *Erickson*, 981 F.3d at 1252; *see also Smith v. Transunion, LLC*, 21-CV-349-GAP-LRH, 2021 WL 3111583, at *2 (M.D. Fla. July 1, 2021) (applying *Erickson* in a nearly identical claim against Trans Union). How third-party companies choose to utilize algorithms to decipher the accurate information reported by Defendant has no bearing on the accuracy of the report itself. Plaintiff essentially posits that Trans Union is required to "report only that information which is favorable or beneficial to the consumer[,]" which runs directly afoul of Eleventh Circuit precedent and the FCRA. *Cahlin*, 935 F.2d at 1158. Thus, this argument also fails.

Accordingly, Defendant Trans Union's Motion to Dismiss is granted with respect to both counts. And given that Trans Union is the sole remaining Defendant, this case is due to be dismissed.[2]

## **CONCLUSION**

The Court's dismissal herein is with prejudice and without leave to amend. A court may deny leave to amend when further amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Here, there are no disputed facts. The balance of the Account clearly states that it was $0; the Account was 120 days past due in June and July 2018; and the Account is no longer open. *See* Report at 5. There is no possible way to read the report objectively and conclude that the Account is 120 days *currently* past due as argued by Plaintiff.

---

[2] Plaintiff's original Complaint named three Defendants: Trans Union, Equifax Information Services, LLC ("Equifax"), and Acceptance Now. *See generally* [ECF No. 1]. Plaintiff and Equifax resolved this matter via settlement. *See* [ECF No. 24]. Further, Plaintiff's Amended Complaint dropped Acceptance Now as a Defendant, solely named Trans Union, and asserted all counts against Trans Union and Trans Union only. *See generally* Compl.

Further, as explained above, Plaintiff's arguments regarding the algorithms used by creditors are irrelevant under the FCRA analysis required by the Eleventh Circuit. Simply put, no amendment to the Complaint could lead to a different reading of the Account in question such that the Account would be considered inaccurate under § 1681e(b) and § 1681i(a). Thus, granting leave to amend would be futile. In sum, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 29] is **GRANTED**. This action is **DISMISSED** *with prejudice* and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of October, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**